JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA         :        INDICTMENT

         -v.-                    :        07 CRIM. 627

MOUSTAPHA DIAKITE,               :

         Defendant.              :

------------------------------------X

COUNT ONE

The Grand Jury charges:

1.   From in or about March 2006, up to and including in or about February 2007, in the Southern District of New York and elsewhere, MOUSTAPHA DIAKITE, the defendant, unlawfully, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate commerce, did effect and attempt to effect transactions, with one and more access devices issued to another person and persons, to receive payment and any other thing of value during any one-year period, the aggregate value of which is equal to and greater than $1,000, to wit, DIAKITE used, and caused others to use, credit cards in the names of

USDC SDNY
DOCUMENT
[illegible]
DOC #: _____
DATE FILED: JUL 11 2007

other individuals without authorization of these individuals, and purchased goods totaling over $1,000.

>(Title 18, United States Code, Sections 1029(a)(5) and (b)(1), and 2.)

## COUNT TWO

The Grand Jury further charges:

2. From in or about March 2006, up to and including in or about February 2007, in the Southern District of New York and elsewhere, MOUSTAPHA DIAKITE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1029(a)(5).

3. It was a part and object of the conspiracy that MOUSTAPHA DIAKITE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate commerce, would and did effect transactions, with one and more access devices issued to another person and persons, to receive payment and any other thing of value during a one-year period, the aggregate value of which is equal to and greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

OVERT ACT

4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

(a) In or about March 2006, MOUSTAPHA DIAKITE, the defendant, went to a watch store in Manhattan, New York (the "Watch Shop"), and introduced a co-conspirator not named herein (CC-1) to a store employee.

(b) On or about March 17, 2006, in Manhattan, New York, CC-1 purchased a watch at the Watch Shop using a credit card issued to another person.

(Title 18, United States Code, Section 1029(b)(2).)

COUNT THREE

The Grand Jury further charges:

5. From in or about March 2006, up to and including in or about February 2007, in the Southern District of New York and elsewhere, MOUSTAPHA DIAKITE, the defendant, and others known and unknown, unlawfully, willfully and knowingly, did transfer, possess and use, without lawful authority, a means of identification of another person, during and in relation to any felony violation enumerated in Section 1028A(c), to wit, DIAKITE possessed, used and transferred the names, personal identity

information, and credit cards of others, to commit the access device fraud and conspiracy to commit access device fraud charged in Counts One and Two of this Indictment.

(Title 18, United States Code Sections 1028A and 2.)

## FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH THREE

6. As a result of committing the offenses alleged in Counts One Through Three of this Indictment, MOUSTAPHA DIAKITE, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the credit card fraud, credit card fraud conspiracy, and aggravated identity theft offenses.

### Substitute Asset Provision

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

      (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982 and Title 18, United States Code, Sections 2, 1028A, 1029.)


_____
FOREPERSON                    MICHAEL J. GARCIA
                              United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MOUSTAPHA DIAKITE,

Defendant.

Indictment
07 Cr. (___)

(18 U.S.C. §§ 1029(a)(5), (b)(1), & (b)(2),
2, 1028A)

MICHAEL J. GARCIA
United States Attorney

A TRUE BILL

_____
Foreperson.

*[handwritten notes:] 7/11/07 filed indictment. Case assigned to Judge Cote. s/ Mag. Judge Katz*

*Wheeled out in error. Case already assigned to Judge Cote on 6/25/07. s/ Mag Judge Katz*

6